**Affirmed and Memorandum Opinion filed July 29, 2021.**



In The

# Fourteenth Court of Appeals

## NO. 14-19-01009-CV

## IN THE INTEREST OF B.E.S. AND J.G.S., CHILDREN

**On Appeal from the 309th District Court
Harris County, Texas
Trial Court Cause No. 2016-55185**

## MEMORANDUM OPINION

In this suit affecting the parent-child relationship, Father appeals the trial court's order in suit to modify the parent-child relationship permanently enjoining Father from allowing his romantic partner ("Katie") to be in the presence of his children and to communicate with his children. He challenges the order in five issues. For the reasons below, we affirm the trial court's order.

### BACKGROUND

Mother and Father are the parents of minor children B.E.S. ("Bianca") and

J.G.S. ("Julien").[1]  Mother and Father divorced in 2017.  Pursuant to the agreed final divorce decree, the trial court appointed the parents joint managing conservators.  In June 2018, Father filed a petition to modify the parent-child relationship, requesting that the trial court reduce his child support and spousal maintenance obligations as well as terminate his obligation to pay for Mother's health insurance.  Mother filed an answer in July 2018.

In October 2018, Mother filed an original petition to modify the parent-child relationship after becoming aware that Father started dating Katie.  Mother voiced her concerns to Father about Katie, whom she had known for many years.  Based on several criminal charges, Mother was concerned that Katie would have a harmful impact on Bianca and Julien.  Therefore, Mother asked that Father be temporarily enjoined from allowing Katie to be in the presence of the children.  Mother then filed a first and second amended petition to modify the parent-child relationship in which she, among other things, requested temporary orders and a permanent injunction prohibiting Father from allowing Katie to be in the presence of and to communicate with Bianca and Julien.  In response, Father filed his first and second amended special exceptions and answer to Mother's first and second amended petitions.

In March and April 2019, respectively, Father filed a counter-petition and a first amended counter-petition to modify the parent-child relationship requesting that the court order "periods of electronic communication with the children" to supplement Father's periods of possession with the children.  A month later, Father filed his second amended counter-petition to modify the parent-child relationship requesting (1) permanent injunctive relief for "periods of electronic

---

[1] Bianca and Julien are pseudonyms.  Pursuant to Texas Rule of Appellate Procedure 9.8, we use fictitious names to identify the minors involved in this case.  *See* Tex. R. App. P. 9.8.

communication with the children to supplement" his periods of possession, and (2) a location modification for the exchange of the children.

In May 2019, Mother filed her third amended petition to modify the parent-child relationship asking the court, among other things, to enter temporary orders and a permanent injunction prohibiting Father from allowing Katie to be in the presence of and to communicate with Bianca and Julien. In response, Father filed his third amended special exceptions and answer to Mother's third amended petition. He pleaded "affirmative defenses of: . . . unconstitutionality under the 14th Amendment of the U.S. Constitution: Due Process, Fundamental Rights, and Equal Protection Clause; and . . . unconstitutionality under the 1st Amendment of the U.S. Constitution: Freedom of Intimate Association." Father specially excepted to Mother's pleading stating, among other things, that (1) Mother "'requests the Court after trial on the merits, to grant . . . permanent injunctions,' consisting of . . . injunctive relief that permanently exclude [Father] from fully exercising [Father]'s rights of possession of or access to the children, to the detriment of [Father] and the children," and (2) Mother's requests "seek the Court to assert governmental/judicial authority and issue an order that is unconstitutional under both the 14th Amendment of the U.S. Constitution, with regard to Due Process, Fundamental Rights, and Equal Protection Clause, and under the 1st Amendment of the U.S. Constitution, with regard to Freedom of Intimate Association."

In July 2019, Mother filed her original response to Father's second amended counter-petition. In August 2019, she filed her fourth amended petition to modify the parent-child relationship again requesting, among other things, that the court grant a permanent injunction enjoining Father from allowing Katie to be in the presence of or communicate in any manner with Bianca and Julien.

On September 9, 2019, Mother appeared and announced ready for trial. Father was notified of trial but failed to appear. A bench trial was held and recorded by a court reporter.[2] On September 23, 2019, the trial court signed an order in suit to modify the parent-child relationship stating, among other things, that Father is permanently enjoined from allowing Katie to be in the presence of or communicate with any child of Father and Mother.

Father filed a request for findings of fact and conclusions of law on September 26, 2019. The trial court signed findings of fact and conclusions of law on December 12, 2019. Father filed his notice of appeal on December 23, 2019.

## ANALYSIS

Father presents five issues on appeal attacking the permanent injunction contained in the trial court's order in suit to modify the parent-child relationship.

## I. Constitutional Issues

In his first three issues, Father challenges the permanent injunction on constitutional grounds. He states in his first issue that the "Permanent Injunction of the Trial Court's Final Order is Void as Unconstitutional." Father claims in his second issue that the "Permanent Injunction Is Void as an Unconstitutional Prior Restraint on Free Speech." In his third issue, Father states that the "Permanent Injunction Is Void as an Infringement of Freedom of Intimate Association under the First Amendment of the U.S. Constitution."

However, Father failed to raise any due process or due course complaint in the trial court. Nor did he raise any complaint regarding an unconstitutional prior restraint on his right to free speech or an unconstitutional infringement of his right to freedom of intimate association in the trial court.

---

[2] Father did not request a reporter's record of the trial.

4

To preserve a complaint for appellate review, a party must present to the trial court a timely request, motion or objection, state the specific grounds therefor, and obtain an adverse ruling. Tex. R. App. P. 33.1(a)(1); *In re S.V.*, 599 S.W.3d 25, 40 (Tex. App.—Dallas 2017, pet. denied); *In re B.G.*, No. 14-04-00944-CV, 2006 WL 1594043, at *3 (Tex. App.—Houston [14th Dist.] June 13, 2006, no pet.) (mem. op.); *see also In re E.W.*, Nos. 14-19-00666-CV, 14-19-00724-CV, 2020 WL 742327, at *13 (Tex. App.—Houston [14th Dist.] Feb. 13, 2020, pet. denied) (mem. op.). Even constitutional complaints must be presented to the trial court to be preserved for appellate review.[3] *See Perry v. United Servs. Auto. Ass'n*, 602 S.W.3d 915, 916 n.1 (Tex. 2020) (per curiam) (declining to address constitutional complaints because they were not raised in the trial court and, thus, not preserved for review); *Loftin v. Lee*, 341 S.W.3d 352, 356 n.11 (Tex. 2011) (concluding that party failed to preserve complaints that statute was vague and violated open courts and due course of law guarantees by not raising those issues with trial court); *In re L.M.I.*, 119 S.W.3d 707, 711 (Tex. 2003) (constitutional complaints must be preserved in the trial court, even in cases concerning termination of parental rights).

Because there is no indication that Father presented and received an adverse ruling on the three constitutional complaints he now asserts on appeal, he failed to preserve them for appellate review. *See* Tex. R. App. P. 33.1(a)(1); *Gerges v.*

---

[3] We note that Father argues in his reply brief that he did not need to preserve his constitutional complaints in the trial court. Although somewhat unclear, it seems Father asserts the trial court lacked jurisdiction to enter the order containing the permanent injunction and, therefore, Father did not have to preserve his constitutional complaints. Father is mistaken; the trial court had jurisdiction to enter its order. "A court with continuing, exclusive jurisdiction may modify an order that provides for the conservatorship, support, or possession of and access to a child." Tex. Fam. Code Ann. § 156.001; *King v. Lyons*, 457 S.W.3d 122, 126 (Tex. App.—Houston [1st Dist.] 2014, no pet.). The court may modify such an order if doing so "would be in the best interest of the child" and upon a showing of a material and substantial change in circumstances. Tex. Fam. Code Ann. § 156.101; *King*, 457 S.W.3d at 126.

*Gerges*, 601 S.W.3d 46, 62-63 (Tex. App.—El Paso 2020, no pet.) (appellant waived argument that injunction against recording activities at his children's school was an unconstitutional restriction of his First Amendment rights because he failed to raise it in the trial court); *In re S.V.*, 599 S.W.3d at 40 (appellant failed to preserve complaint because he did not argue in the trial court that injunctions constituted a prior restraint on his right to free speech); *In re F.E.N.*, 542 S.W.3d 752, 768 (Tex. App.—Houston [14th Dist.] 2018, pet. denied) ("Due process violations must be raised in the trial court for them to be preserved on appeal.").

Father also waived his three issues by failing to properly brief them. "An appellant has a duty to cite specific legal authority and to provide legal argument based upon that authority." *In re J.J.A.*, No. 14-18-00530-CV, 2018 WL 6614236, at *5 (Tex. App.—Houston [14th Dist.] Dec. 18, 2018, no pet.) (mem. op.).

With regard to his first issue, Father states that the "Permanent Injunction of the Trial Court's Final Order is Void as Unconstitutional." But beyond this conclusory statement, he makes no argument as to why the permanent injunction is unconstitutional. Father merely quotes (1) from the due process clause in the United States Constitution; (2) from the due course provision in the Texas Constitution; (3) one sentence from the Supreme Court's opinion in *Troxel v. Granville*, 530 U.S. 57, 72-73 (2000) (plurality op.); and (4) less than a sentence from Justice Thomas's dissenting opinion in *Saenz v. Roe*, 526 U.S. 489, 527-28 (1999).

With respect to his second argument, Father states in conclusory fashion that the permanent injunction constitutes an unconstitutional prior restraint on his right to free speech and then quotes a few sentences from *Kinney v. Barnes*, 443 S.W.3d 87, 89, 94 (Tex. 2014). However, he does not develop his argument or explain how the injunction infringes upon his right to free speech when the injunction in no

6

way restricts his right to speak to his children or Katie.

Regarding his third issue, Father makes the conclusory statement that the permanent injunction constitutes an unconstitutional infringement of his right to freedom of intimate association and then quotes parts of one sentence from *Kipps v. Caillier*, 205 F.3d 203, 206 (5th Cir. 2000), and four sentences from *Roberts v. U.S. Jaycees*, 468 U.S. 609, 618-19, 622 (1984). But Father does not expand on his assertion or explain how the injunction infringes upon his right to freedom of intimate association when the injunction only prohibits him to allow Katie to associate with his children and does not infringe on his relationship with his children.

Because Father does not develop his arguments beyond stating the propositions and quoting excerpts from a few authorities, he fails to properly brief his first, second, and third issues. *See* Tex. R. App. P. 38.1(i) (requiring that an appellant's brief "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"); *In re S.A.H.*, 420 S.W.3d 911, 929 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (finding issue was improperly briefed when appellant failed to develop his argument beyond making a conclusory statement and citing authority); *Bhatia v. Woodlands N. Houston Heart Ctr., PLLC*, 396 S.W.3d 658, 666 n.9 (Tex. App.—Houston [14th Dist.] 2013, pet. denied) (declining to make appellant's argument for him).

Accordingly, we overrule Father's issue one, two, and three because they are waived.

## II.    Best Interest and Constitutionally Protected Rights

Father states in his fourth issue that "'Best Interests' Do Not Trump Constitutional[ly] Protected Rights." However, except for this conclusory

contention, he makes no argument and merely quotes parts of three sentences from *Reno v. Flores*, 507 U.S. 292, 303-04 (1993). Because Father does not properly advance his argument beyond stating the proposition, he failed to properly brief his fourth issue. *See* Tex. R. App. P. 38.1(i); *In re S.A.H.*, 420 S.W.3d at 929; *Bhatia*, 396 S.W.3d at 666 n.9.

Accordingly, we conclude Father waived his fourth issue, and we overrule that issue.

### III. Personal Jurisdiction

In his fifth issue, Father states the "Permanent Injunction Is Void for Lack of Constitutional Due Process and Personal Jurisdiction as to Katie." Here, Father appears to argue that the trial court lacked personal jurisdiction over Katie because she was not served with process in violation of her due process rights, therefore rendering the permanent injunction against Katie void.

Contrary to Father's assertion, the trial court did not assert jurisdiction over Katie. The court did not enter a permanent injunction restraining or enjoining Katie from taking any actions or ordering her to refrain from taking any actions. Instead, the court permanently enjoined Father from allowing Katie to be in the presence of any of his children and to communicate with any of his children. Father acknowledges in his brief that the trial court entered a permanent injunction against him. Because the court did not enter an injunction against Katie, it did not assert personal jurisdiction over her, and Father's argument is without merit.

Accordingly, we overrule Father's fifth issue.

### IV. Reply Brief Issues

In his reply brief, Father argues for the first time that the permanent injunction is void because (1) it is "overly broad, vague, arbitrary, and

unreasonable;" and (2) "its effect is to place [Father] in the position of a proxy for the dominion, custody, and control of [Katie], a non-party, whereas the trial court's authority is limited to matters directly related to the care, custody, control, possession, and visitation of children by the parents, being the parties over whom the trial court has jurisdiction." He also argues for the first time in his reply brief that the trial court abused its discretion in issuing the permanent injunction because (1) Mother did not seek an injunction that "directly concern[s] custody, control, possession, or visitation of a child" and, therefore, improperly failed to plead four required elements when seeking a permanent injunction—a wrongful act, imminent harm, irreparable injury, and absence of an adequate remedy at law; (2) the trial court failed to find in its findings of fact the existence of these four elements "to support the granting of the injunction" and incorporate "language regarding the existence of" these four elements in its final order; and (3) the trial court's conclusions of law are "incorrect as the permanent injunctive relief pled by [Mother] . . . and granted by the trial court does not directly concern custody, control, possession, or visitation of a child, and" Mother failed to prove the four elements required for injunctive relief.

However, an appellant may not raise new issues in his reply brief that were not discussed in his original brief, even if the new issues are raised in response to a matter in the appellee's brief but not raised in the appellant's original brief. *See Yeske v. Piazza Del Arte, Inc.*, 513 S.W.3d 652, 672 n.5 (Tex. App.—Houston [14th Dist.] 2016, no pet.); *Marsh v. Livingston*, No. 14-09-00011-CV, 2010 WL 1609215, at *4 (Tex. App.—Houston [14th Dist.] Apr. 22, 2010, pet. denied) (mem. op.); *Green v. Quality Dialysis One, LP*, No. 14-05-01247-CV, 2007 WL 2239295, at *6 (Tex. App.—Houston [14th Dist.] Aug. 7, 2007, no pet.) (mem. op.); *see also SignAd, Ltd. v. DW PR/Mktg., Media & Pub. Relations, LLC*, No. 14-

20-00042-CV, 2021 WL 865082, at *8 (Tex. App.—Houston [14th Dist.] Mar. 9, 2021, no pet.) (mem. op.); *Brashear v. Dorai*, No. 14-19-00194-CV, 2020 WL 5792304, at *1 n.1 (Tex. App.—Houston [14th Dist.] Sept. 29, 2020, no pet.) (mem. op.). Because Father did not raise in his opening brief any of the issues he presents in his reply brief, we do not consider them.

## CONCLUSION

Having overruled Father's five issues, we affirm the trial court's order in suit to modify parent-child relationship.[4]

/s/    Meagan Hassan
       Justice

Panel consists of Justices Wise, Jewell, and Hassan.

---

[4] In light of our disposition of Father's issues, we need not address his request to take judicial notice.